UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:12-CR-76 |
| v. | ) | |
| | ) | (VARLAN / GUYTON) |
| JIMMY DEAN CARROLL, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on the Defendant's *pro se* Motion to Appoint Counsel to File Direct Appeal [Doc. 20], which was referred [Doc. 21] to the undersigned on March 13, 2014. The Defendant contends that he asked appointed counsel to file a notice of appeal in his case, that she refused to do so, and that as a result, no direct appeal was taken in his case. The Defendant argues that he has the right to effective assistance of counsel on appeal. He asks the Court to vacate and reenter his Judgment[1] so that a notice of appeal can be timely filed and to appoint counsel to represent him on appeal. Thus, although styled as a motion for the appointment of counsel, the Defendant's motion could be taken as a request to vacate and reinstate his Judgment for ineffective assistance of counsel for failure to file a direct appeal, pursuant to 28 U.S.C. § 2255. Either way, the Court finds that the Defendant is not entitled to the requested relief at this time.

---

[1] The motion requests that the Court "vacate the sentence and resentence as to the timeliness of a notice of appeal filed with the appointment of counsel." [Doc. 20] Because the Defendant makes no other argument challenging his sentence, the Court infers that the Defendant actually seeks the opportunity to file a direct appeal out of time. The Defendant does not state his reason(s) for filing a direct appeal or whether he seeks to appeal his conviction, his sentence, or both.

1

By way of background, the Court observes that on July 20, 2012, the parties filed a signed Plea Agreement [Doc. 12] in the record. The Plea Agreement provides as follows:

> 10. (a) In consideration of the concessions made by the United States in this agreement and as further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence.
>
> (b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

The Defendant entered a change of plea on July 27, 2012. A sentencing hearing was held on December 13, 2012, and the Defendant was sentenced to 188 months incarceration. The Judgment [Doc. 19] of conviction was entered on December 24, 2012. On April 18, 2013, over four months after the entry of the Judgment, the Defendant filed the instant request for counsel.

## I. ANALYSIS

The Court examines the Defendant's request for the appointment of counsel to file a direct appeal and his apparent request to vacate and reinstate his Judgment so that a timely direct appeal may be filed.

### A. Appointment of Counsel for Direct Appeal

First, the Court finds that although a defendant is entitled to be represented by counsel on direct appeal, see 18 U.S.C. § 3006A(c), Defendant Collins has no direct appeal pending. Moreover, the time for filing a direct appeal in his case has long expired. See Fed. R. App. Proc.

4(b)(1)(A)(i) (providing that in criminal cases, the defendant must file a notice of appeal in the district court within fourteen (14) days of the entry of the judgment). Finally, the Court finds that Defendant Collins waived his right to file a direct appeal of either his convictions or his sentence. See United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir. 1995) (observing that a defendant may validly waive his right to a direct appeal in his plea agreement, as long as that waiver is knowingly and voluntarily made). The Defendant does not allege that this waiver was not knowing and voluntary. Accordingly, the Court **RECOMMENDS** that if the Defendant's *pro se* motion is construed simply as it is styled, the Defendant's request for counsel be **DENIED**.

### B. Motion to Vacate and Reenter Judgment

The Defendant's Motion to Appoint Counsel to File Direct Appeal also purports to ask the Court to vacate and reinstate his Judgment, so that he can timely file a direct appeal in this case. This request appears to be in the nature of a post-conviction petition pursuant to 28 U.S.C. § 2255. A prisoner may bring a collateral attack of his sentence for the following reasons: (1) the sentence was imposed in violation of the Constitution or the law, (2) the court lacked jurisdiction to impose the sentence, or (3) the sentence exceeds the statutory maximum for the offense. 28 U.S.C. § 2255. Here, the Defendant alleges: "At sentencing[,] the defendant requested Counsel Kathy D. Aslinger to file a notice of appeal and an appeal. Ms. Aslinger refuse[d], no action by her office was taken." He also argues that he has the right to effective assistance of counsel on appeal. By implication, the Defendant appears to be arguing that Attorney Aslinger was ineffective for failing to file a notice of appeal as requested.

First, the Court observes that if taken as a § 2255 petition based upon the ineffective

3

assistance of counsel, the Defendant's motion is woefully sparse. Our appellate court has held that a bare bones assertion that counsel was ineffective for failing to file a direct appeal "is wholly insufficient to raise the issue of ineffective assistance of counsel[.]" Elzy v. U.S., 205 F.3d 882, 886 (6th Cir. 2000) (noting that petitioner was represented by counsel in his § 2255 petition and was not *pro se*). Here, the ineffective assistance of counsel argument itself must be inferred. Although, as a general rule, *pro se* pleadings are liberally construed, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001). The Court "should not have to guess at the nature of the claim asserted." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

Second, the rule in In re Shelton, 295 F.3d 620 (6th Cir. 2002), argues against construing the Defendant's motion as a petition pursuant to § 2255. In that case, our appellate court observed that because a defendant is restricted to filing a single § 2255 petition, courts should not re-characterize a defendant's motion as a petition under § 2255:

> Many pro se prisoners file inartfully drafted post-conviction motions, without specifying the legal basis for the requested relief. District courts, in an effort to assist pro se litigants unaware of the applicable statutory framework, often re-characterize such filings as § 2255 motions. As the Third Circuit has noted, "[t]his practice developed both for efficiency's sake and out of a sense of fairness to pro se petitioners, whose claims are construed quite liberally." United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999). An unintended byproduct of this practice, however, is that it may effectively deprive an uninformed pro se litigant of the future opportunity to file a motion to vacate his sentence under § 2255. The Antiterrorism and Effective Death Penalty Act (AEDPA) constrains a prisoner's opportunity to file successive motions under 28 U.S.C. § 2255 to narrowly limited circumstances. See 28 U.S.C. § 2255 (providing that a "second or successive motion" must involve "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable").

4

Id. at 621. Thus, the appellate court adopted the following language from the Second Circuit as its holding:

> "[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized."

Id. (quoting Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998)).

As a part of his Plea Agreement in the instant case, Defendant Collins also waived his right to bring a collateral attack pursuant to § 2255 for any reason, except for the ineffective assistance of counsel or prosecutorial misconduct. The Defendant may have a potential claim that his appointed counsel was ineffective for failing to file a notice of appeal for him, despite his express request that she do so. See Campbell v. United States, 686 F.3d 353, 360 (6th Cir. 2012) ("hold[ing] that even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal"). Thus, because Defendant Collins may have grounds to file a § 2255 petition for the ineffective assistance of counsel and because the Defendant can only file one petition collaterally attacking his sentence, the undersigned **RECOMMENDS** that the motion be **DISMISSED without prejudice to refile** in the form of a motion to vacate his sentence under 28 U.S.C. § 2255 that includes all of the Defendant's post-conviction challenges.

Finally, the Court observes that in most cases, motions to vacate a sentence under §

2255 must be filed within one year of the judgment of conviction becoming final. See 28 U.S.C. § 2255(f)(1). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004). Here, because no direct appeal was taken, the Judgment became final fourteen days after its entry on December 24, 2012. In the instant case, the one-year period elapsed while the instant *pro se* motion for counsel was pending in the Eastern District of Tennessee. For this reason, the undersigned also **RECOMMENDS** that the Defendant be permitted to file any subsequent § 2255 motion *nunc pro tunc* to January 6, 2014. The District Judge should set a deadline for the filing of a post-conviction petition that will permit a fair, yet definite, expiration of the Defendant's claims.

## II. CONCLUSION

In summary, the Court **RECOMMENDS** that the Defendant's request for appointment of counsel be **DENIED** and his Motion to Appoint Counsel to File Direct Appeal [**Doc. 20**] be **DISMISSED without prejudice to refile** in the form of a motion to vacate under 28 U.S.C. § 2255 that includes all of the Defendant's post-conviction claims. The Court also **RECOMMENDS** that the District Judge set a deadline within which the Defendant may file a post-conviction petition *nunc pro tunc* to January 6, 2014.[2]

                                                        Respectfully submitted,

                                                        s/ H. Bruce Guyton
                                                     United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).