UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JIMMY DEAN CARROLL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:12-CR-76-TAV-HBG-1 |
| | ) | 3:14-CV-259-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court are Petitioner's requests to amend his pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 to include a request for relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Docs. 38, 41]. The United States responded in opposition [Doc. 42]. For the following reasons, the motions [Docs. 38, 41] are **DENIED**.

**I. BACKGROUND**

In February of 2011, law enforcement officers executing a search warrant at Petitioner's residence discovered a methamphetamine laboratory, a quantity of methamphetamine, and a 9 mm pistol and ammunition [Doc. 12]. Petitioner admitted that all of the items belonged to him and later pled guilty to possessing equipment, chemicals, products, and materials with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6), and possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.*].[1]

Because Petitioner had two prior felony drug convictions, the base offense level for his firearms offense was 24 [Presentence Investigation Report ("PSR") ¶¶ 16–17]. After a four-level

---

[1] In exchange for Petitioner's guilty plea to two counts of the indictment, the United States agreed to dismiss a charged violation of 18 U.S.C. § 924(c), which would have required a consecutive five-year sentence had Petitioner been convicted of that offense [Presentence Investigation Report ("PSR") ¶ 65].

enhancement for possessing a firearm or ammunition in connection with another felony offense and a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 25 [*Id.* ¶¶ 18, 23, 26 (noting that Petitioner was a career offender under Section 4B1.1 of the United States Sentencing Guidelines due to his prior convictions for possession with intent to resell controlled substances and for attempted methamphetamine manufacturing, but that the career-offender designation did not affect his total offense level)]. Petitioner had ten criminal history points, but qualified for an enhanced criminal history category VI based on his status as a career offender [*Id.* ¶¶ 24, 25]. As a result, Petitioner received an advisory Guideline range of 110 to 137 months' imprisonment [*Id.* ¶ 64 (also noting that each count had a ten-year statutory maximum sentence)]. In accordance with a Rule 11(c)(1)(C) plea agreement, the Court sentenced Petitioner to a total term of 188 months' imprisonment, consisting of consecutive terms of 120 months on the drug charge and 68 months on the gun offense [Docs. 3, 19]. Consistent with the appellate-waiver provision of the plea agreement, no appeal was taken.

In June of 2014, Petitioner filed a pro se request for collateral relief based on ineffective assistance of counsel [Docs. 24, 25]. The United States filed a response in opposition to collateral relief [Doc. 33], and the petition remains pending before this Court. On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. More than a year later—on August 22, 2016 and September 19, 2016, respectively—Petitioner submitted the instant motions requesting leave to amend the original petition to challenge his career offender designation based on *Johnson*. [Docs. 38, 41].

**II. ANALYSIS**

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant

2

factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)).

The requests for leave to amend contain a single ground, citing *Johnson* as evidence that he can no longer be categorized as a career offender [Docs. 38, 41 (arguing that *Johnson*'s holding extends to identical provisions of the United States Sentencing Guidelines)].[2]

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause— that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates. The Sixth Circuit held that the same analysis renders the Guidelines' parallel residual clause

---

[2] In support for his request, Petitioner cites the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) [Doc. 38]. In *Mathis*, the Supreme Court held that a prior conviction cannot qualify as a predicate violent felony if a locational element of that crime is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former. Unlike the Iowa statute at issue in *Mathis*, however, the criminal drug statutes at issue here do not contain any "alternate ways of satisfying a single locational element." As such, *Mathis* has no impact on the Court's ability to categorize Petitioner's convictions for possession of a controlled substance and attempted manufacture of methamphetamine as controlled substance offenses under Section 4B1.2(b).

3

constitutionally infirm. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding the "rationale of *Johnson* applies equally" to the definition of crime of violence).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Docs. 38, 41].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2(a) or as "controlled substance offenses" under Section 4B1.2(b). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the

4

statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to § 2255 collateral relief.

Both prior drug convictions—the conviction for possession of a controlled substance and conviction for attempted methamphetamine manufacturing [PSR ¶¶ 23, 39, 40]— involved the possession of a controlled substance with intent to distribute and carried a maximum penalty in excess of one year incarceration and, as a result, were properly classified as predicate convictions under Section 4B1.1(a)(3). *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses).

Because the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting Petitioner's sentence, the requests for leave to amend his previously-filed petition to include such a claim are **DENIED** for futility.

## IV. CONCLUSION

For the reasons discussed, Petitioner's motions to amend [Docs. 38, 41] are **DENIED**.

**IT IS SO ORDERED.**

                         s/ Thomas A. Varlan
                         CHIEF UNITED STATES DISTRICT JUDGE