UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JIMMY DEAN CARROLL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:12-CR-76-TAV-HBG-1 |
| ) | 3:14-CV-259-TAV |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's request to supplement his pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, to include a request for relief based on *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Doc. 44]. The United States responded in opposition [Doc. 47]. For the following reasons, the motion to supplement [Doc. 44] will be denied.

**I.   Background**

The Court previously summarized the background of this case as follows:

> In February of 2011, law enforcement officers executing a search warrant at Petitioner's residence discovered a methamphetamine laboratory, a quantity of methamphetamine, and a 9 mm pistol and ammunition [Doc. 12]. Petitioner admitted that all of the items belonged to him and later pled guilty to possessing equipment, chemicals, products, and materials with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6), and possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.*].[1]
>
> Because Petitioner had two prior felony drug convictions, the base offense level for his firearms offense was 24 [Presentence Investigation Report ("PSR") ¶¶ 16–17]. After a four-level enhancement for possessing a firearm or

---

[1] In exchange for Petitioner's guilty plea to two counts of the indictment, the United States agreed to dismiss a charged violation of 18 U.S.C. § 924(c), which would have required a consecutive five-year sentence had Petitioner been convicted of that offense [Presentence Investigation Report ("PSR") ¶ 65].

> ammunition in connection with another felony offense and a three-level reduction
> for acceptance of responsibility, Petitioner's total offense level was 25 [*Id.* ¶¶ 18,
> 23, 26 (noting that Petitioner was a career offender under Section 4B1.1 of the
> United States Sentencing Guidelines due to his prior convictions for possession
> with intent to resell controlled substances and for attempted methamphetamine
> manufacturing, but that the career-offender designation did not affect his total
> offense level)]. Petitioner had ten criminal history points, but qualified for an
> enhanced criminal history category VI based on his status as a career offender [*Id.*
> ¶¶ 24, 25]. As a result, Petitioner received an advisory Guideline range of 110 to
> 137 months' imprisonment [*Id.* ¶ 64 (also noting that each count had a ten-year
> statutory maximum sentence)]. In accordance with a Rule 11(c)(1)(C) plea
> agreement, the Court sentenced Petitioner to a total term of 188 months'
> imprisonment, consisting of consecutive terms of 120 months on the drug charge
> and 68 months on the gun offense [Docs. 3, 19]. Consistent with the appellate-
> waiver provision of the plea agreement, no appeal was taken

[Doc. 43 p. 1–2]. The Court entered its judgment against Petitioner on December 24, 2012 [Doc. 19]. Petitioner filed the instant motion to supplement [Doc. 44] nearly four years later, on November 14, 2016.

## II. Analysis

In determining whether Petitioner should be allowed to supplement his request to supplement his 28 U.S.C. § 2255 motion, the Court will first address the timeliness of the supplement, then equitable tolling, and finally, the applicability of *Descamps*.

### A. Timeliness

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the

2

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered. Accordingly, timeliness of the proposed supplement depends on whether the submission complies with subsections (f)(1) and (f)(3).

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's judgment of conviction became final on January 7, 2013, fourteen days after the Court entered judgment on December 24, 2012. *See Sanchez Castellano*, 358 F.3d at 428 (explaining un-appealed judgments becomes final when the period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A) (2012) (providing that criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed). Petitioner's time to appeal his conviction under subsection (f)(1), therefore, expired on January 7, 2014. As Petitioner did not

file his proposed supplement the proposed collateral challenge until November 9, 2016,[2] it is untimely under subsection (f)(1).

As to Petitioner's reliance on subsection (f)(3), this Court notes that, for this provision to apply, the relief requested must be based on: (1) a right newly recognized by the Supreme Court, and (2) made retroactively applicable by that same institution. 28 U.S.C. § 2255(f)(3). Petitioner's argument that *Descamps* is a Supreme Court decision that recognized a new right for Petitioner which makes his § 2255 motion timely is without merit. *Descamps* involved the Armed Career Criminal Act ("ACCA") and clarified how federal district courts were to apply the "categorical approach" in determining whether a conviction for a prior violent felony offense qualified as a "violent felony" for purposes of the ACCA. The Sixth Circuit has held that *Descamps* did not announce a new rule of constitutional law. *See United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). In addition, the Supreme Court has not made *Descamps* retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) (holding that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"); *see also Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) (holding that "(t)o date, the Supreme Court has not made *Descamps* retroactive on collateral review").

The Court further notes that Petitioner's § 2255 motion seeking relief under *Descamps* is dated November 9, 2016, more than a year after the Supreme Court filed the *Descamps* opinion

---

[2] Under the prisoner "mailbox rule," a prisoner complaint is deemed filed on the day the plaintiff signed the complaint. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a pro se prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary).

on June 20, 2013. Thus, even if *Descamps* did apply to Petitioner, his § 2255 motion would still be untimely under 18 U.S.C. § 2255(f).

**B.  Equitable Tolling of Subsection (f)(1)**

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

After review of Petitioner's proposed supplement, the Court concludes that Petitioner has not set forth a single extraordinary circumstance justifying the failure to submit his proposed challenge within the window permitted by subsection (f)(1).

**C.  Applicability of *Descamps***

Further, even if Petitioner had timely filed a claim based upon *Descamps,* that case is not relevant to Petitioner's status as a career offender. Petitioner qualified as a career offender under United States Sentencing Guidelines § 4B1.1(b) due to two prior convictions for controlled substance offenses, and it is apparent from Petitioner's affirmances of his two prior offenses relating to controlled substances at his sentencing [Doc. 32 p. 6–7] that these two convictions meet the requirements of United States Sentencing Guidelines § 4B1.1(b). As Petitioner was

5

properly categorized as a career offender, his argument for application of *Descamps* is misplaced, and his proposed supplement would be futile.

Petitioner's request for leave to supplement his § 2255 petition [Doc. 44] will therefore be **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above, Petitioner's motion to supplement [Doc. 44] is **DENIED**.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

6

Case 3:12-cr-00076-TAV-HBG   Document 50   Filed 02/16/17   Page 6 of 6   PageID #: 211