UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JIMMY DEAN CARROLL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Nos.: 3:12-CR-76-TAV-HBG |
| | ) | 3:14-CV-259-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 24]. The government filed a response in opposition [Doc. 33]. For the reasons discussed herein, the Court finds that Petitioner is entitled to an evidentiary hearing.

**I.    Background**

On July 27, 2012, Petitioner entered a guilty plea before the Court to count one of the indictment charging the defendant with possession of materials which may be used to manufacture methamphetamine in violation of 21 U.S.C. §§ 843(a)(6), and count three of the indictment charging the defendant with being in felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) [Doc. 17].[1] These pleas were pursuant to a plea agreement [Doc. 12].

---

[1] All citations to the record are found on the docket in Case No. 3:12-CR-76-TAV-HBG.

On December 13, 2012, the Court sentenced Petitioner to 188 months' imprisonment [Docs. 18, 19]. The Petitioner did not file an appeal of his conviction or sentence.

## II. Section 2255 Motion

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner articulates the following grounds of collateral challenge in his § 2255 motion: (1) that his counsel was ineffective for not filing a direct appeal; (2) that counsel rendered constitutionally ineffective assistance by not objecting "to the Court's sentence under the Career Offender Act;" (3) that counsel was ineffective for allowing Petitioner to "plead guilty to a sentence over the statutory maximum of 10 years;" and (4) that counsel was ineffective "for allowing the P.O. to use double counting to extend Movant's prison term and go outside scope of plea deal" [Doc. 25].

2

As to Petitioner's claims of ineffective assistance, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying the *Strickland* test to an ineffective assistance of counsel claim). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467

3

F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Further, the petitioner has the burden to establish that he is entitled to relief. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (E.D. Tenn. Aug. 16, 2010) (recognizing that "burden of proving ineffective assistance of counsel is on the petitioner"); *see also Douglas v. United States*, No. 2:05-cr-07, 2009 WL 2043882 at *3 (E.D. Tenn. July 2, 2009) (stating that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief"). The Sixth Circuit has provided that unless the "record conclusively shows that the petitioner is entitled to no relief," an evidentiary hearing is "mandatory." *Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015).

As to Petitioner's first theory of ineffective assistance—that counsel failed to file a direct appeal—under Sixth Circuit law, if "counsel had ignored the defendant's express instruction to file an appeal," that "amounts to a per se violation of the Sixth Amendment." *Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012) (internal quotation marks omitted) (citation omitted); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (finding that a "failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal"). In that circumstance, a petitioner is "entitled to relief under § 2255." *Campbell*, 686 F.3d at 359. A petitioner is entitled to such relief "regardless of the merits

4

of [the defendant's] substantive claims" and even when his plea agreement contains a waiver of his right to appeal. *Id.*

In this case, Petitioner makes the claim that: "A appeal was requested to be filed by this Movant" [Doc. 25 p. 1]. Arguably, Petitioner does not state exactly how he expressed his wish to appeal. The government contends that Petitioner's assertion is lacking any factual support [Doc. 33].

The government also filed an affidavit of Petitioner's counsel, Kathy Aslinger, wherein Aslinger states: "To the best of my knowledge, and having reviewed my records, Mr. Carroll never asked me to file an appeal on his behalf within the time period for doing so. I would have filed a notice of appeal if Mr. Carroll had unequivocally directed me to do so" [Doc. 33-1]. Finally, the government also notes that Petitioner waived his right to file an appeal in his plea agreement and that waiver makes it less likely that Petitioner asked counsel to file an appeal. Accordingly, the government argues that this claim by Petitioner should be denied.

In a similar action involving a plea agreement and a waiver of appeal rights, the Sixth Circuit remanded the case to the district court to "conduct an evidentiary hearing to determine if [the petitioner] in fact expressed the desire for an appeal as he now asserts." *Campbell*, 686 F.3d at 360.

Here, based on the record, the Court cannot conclusively determine that Petitioner is not entitled to relief on the basis of counsel's failure to file a direct appeal, as it lacks sufficient evidence to determine whether counsel failed to file a notice of on Petitioner's

5

behalf, despite an express and timely request from Petitioner that such notice be filed. Aslinger may be called upon by the Court to testify at a hearing, and her testimony may or may not create a factual dispute.

As such, the Court finds that that Petitioner is entitled to an evidentiary hearing limited solely to the issue of whether Petitioner expressly and timely requested that counsel file a direct appeal on his behalf.[2] *See Pola*, 778 F.3d at 532–33. The parties will be afforded an opportunity to supplement the record with additional proof and other materials as provided in Rule 7 of the § 2255 Rules. Petitioner will be appointed counsel to represent him solely as to this issue.

## III.  Conclusion

For the reasons discussed herein, Petitioner is entitled to an **EVIDENTIARY HEARING**. It is hereby **ORDERED** that this matter is **REFERRED** to the Honorable H. Bruce Guyton, United States Magistrate Judge, to hold an evidentiary hearing to determine whether Petitioner timely requested that Attorney Aslinger file a notice of appeal on his behalf and to prepare a report and recommendation. Magistrate Judge Guyton shall **APPOINT** counsel to represent Petitioner as stated herein.

In addition, the Court hereby **ORDERS** that the United States Marshal, or his authorized deputy, transport Petitioner from his place of incarceration to Knoxville, Tennessee, allowing sufficient time for Petitioner to be available in Knoxville,

---

[2] The Court need not assess the merits of Petitioner's other claims for relief until the issues regarding the filing of her direct appeal have been resolved.

Tennessee, to appear at any hearing set by Magistrate Judge Guyton and, if any attorney has been appointed, to meet with his attorney before the hearing.

ENTER:

<pre>
                        s/ Thomas A. Varlan
                        CHIEF UNITED STATES DISTRICT JUDGE
</pre>