UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JIMMY DEAN CARROLL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-76-TAV-HBG |
| | ) | 3:14-cv-259-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION

This case is before the Court on Petitioner Jimmy Dean Carroll's pro se motion [Doc. 24] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On March 2, 2017, Chief United States District Judge Thomas A. Varlan referred [Doc. 51] the matter to the undersigned for (1) an evidentiary hearing "limited solely to the issue of whether Petitioner expressly and timely requested that counsel [Attorney Kathy Aslinger] file a direct appeal on his behalf," (2) to appoint counsel to represent the Petitioner solely as to this issue, and (3) to prepare a report and recommendation on this issue. The Court appointed [Doc. 52] Attorney Ruth Thompson Ellis to represent the Petitioner on the issue of whether he asked his former attorney to file a direct appeal. The parties appeared before the undersigned for the evidentiary hearing on May 1, 2017. Attorney Ellis represented Petitioner Carroll, who was also present. Assistant United States Attorney Cynthia F. Davidson represented the Government.

At the May 1 hearing, Ms. Ellis informed the Court that she had consulted with Petitioner Carroll and that the Petitioner wanted to withdraw the claim of ineffective assistance of counsel for failing to file a direct appeal. She stated that she had interviewed witnesses and investigated a corollary issue, then reviewed this information with the Petitioner. Ms. Ellis stated

that the Petitioner has now decided to withdraw this claim. Additionally, the Petitioner asked to file a pro se motion asking to withdraw his other § 2255 claims.

The Government did not object to the Petitioner's motion. However, AUSA Davidson asked that the Petitioner's claims be dismissed with prejudice. She argued that the Court should ask the Petitioner why he no longer wanted to pursue his § 2255 claims and whether he was lying when he filed his § 2255 motion under penalty of perjury.

Ms. Ellis objected to an inquiry into the reasons behind the Petitioner's decision to withdraw his claims. She explained that the Petitioner did not have the benefit of discovery and legal research at the time he filed his § 2255 motion. She said that after she had gathered evidence and reviewed and weighed that evidence with the Petitioner, the Petitioner was able to make a decision about his claims. She argued that questioning the Petitioner about his decision would intrude upon the attorney-client relationship.

The Court informed the Government that it would take the matter of potential misuse of the § 2255 motion process under advisement. However, the Court finds that no additional inquiry is appropriate or necessary in this case.

The Petitioner was sworn and stated that he understood that he was asking to withdraw the issue of whether his prior attorney was ineffective for failing to file a direct appeal and his three other claims[1] of ineffective assistance of counsel. He stated that he understood that if he withdrew these claims, the Court would recommend that they be dismissed with prejudice and that he would not be able to raise these claims again at a later time. The Petitioner said that this is what he wanted to do.

---

[1] In addition to his claim that counsel was ineffective for not filing a direct appeal, the Petitioner also claimed that counsel was ineffective for not objecting to him being sentenced under the Career Offender Act, for allowing him to agree to a sentence over the statutory ten-year maximum in his guilty plea, and for not objecting to the Probation Office "double counting," which he alleges extended his prison term outside of the scope of his plea agreement. [Doc. 24]

2

The Court finds that the Petitioner has knowingly and voluntarily withdrawn all claims of ineffective assistance of counsel raised in his § 2255 motion, including his allegation that he instructed Attorney Aslinger to file a direct appeal on his behalf. Accordingly, because the Petitioner is no longer pursuing his § 2255 motion, the undersigned respectfully **RECOMMENDS** the Chief District Judge accept Petitioner Carroll's withdrawal of his motion and dismiss the § 2255 motion [**Doc. 24**] with prejudice. The Court also **RECOMMENDS** that no certificate of appealability issue for this case because Petitioner Carroll is no longer pursuing his constitutional claims of the ineffective assistance of counsel. *See* 28 U.S.C. § 2253(c)(2) (providing that a "certificate of appealability may issue [in a § 2255 proceeding] only if the applicant has made a substantial showing of the denial of a constitutional right"). Because the Petitioner has knowingly and voluntarily withdrawn his § 2255 motion, the undersigned finds that any appeal of the dismissal of his motion would be frivolous and not taken in good faith.[2]

    Respectfully submitted,

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).